UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **KIRK WATSON, et al.** | ) |
| | ) |
| v. | ) Case No. 1:14-CV-00971-LY |
| | ) |
| **LAW ENFORCEMENT ALLIANCE OF** | ) |
| **AMERICA, INC., et al.** | ) |

## OPPOSITION TO MOTION TO REMAND

Defendant Law Enforcement Alliance of America, Inc. ("LEAA") respectfully opposes the Motion to Remand of plaintiffs Kirk Watson and Mike Head ("Plaintiffs"). Now that Plaintiffs have voluntarily dismissed all claims against Texas resident Colyandro, there is no dispute that this action falls within this Court's diversity jurisdiction. 28 U.S.C. §1332. Nor is there any dispute that LEAA has done everything it could to remove this action to federal court.

Plaintiffs assert that, by adding Mr. Colyandro as a diversity destroying defendant and delaying over a year before dismissing him, they permanently destroyed LEAA's right of removal. They rely on 28 U.S.C. §1446(c)(1), which generally requires some diversity removals to occur within a year after a state action is commenced. They are doubly mistaken.

- First, the 1-year limit applies only to actions that are not removable when filed. *NY Life Ins. Co. v. Deshotel,* 142 F.3d 873, 885-86 (5th Cir. 1998); *Kemp v. CTL Dist. Inc.,* 440 Fed. Appx. 240, 2011 WL 3425592 (5th Cir. 2011). Plaintiffs' original 2004 action was removable when filed. In fact, LEAA timely removed it and this Court denied the motion to remand. Thus, no one-year limit applied to LEAA's second removal.

1

- Second, the 1-year limit Plaintiffs invoke is not a rigid jurisdictional bar.  Rather, it is a flexible timing provision that allows equitable exceptions to prevent unfair forum manipulation.  *Tedford v. Warner-Lambert Co.,* 327 F.3d 423, 428-29 (5th Cir. 2003).  Even if the 1-year limit applied, the undisputed facts call for such an equitable exception here.

I.  **THE 1-YEAR LIMIT DOES NOT APPLY TO THIS CASE**

Section 1446(c)(1) contains two paragraphs.  The first governs actions that are removable when commenced.  The second governs cases in which "the initial pleading is not removable." The 1-year limit invoked by Plaintiffs is an exception to that second paragraph.  The Fifth Circuit follows the plain language of the provision, holding the 1-year limit applies only to cases within the second paragraph, i.e. "cases that are not initially removable."  *Deshotel,* 142 F.3d at 885-86.

Where the initial pleading improperly names a non-diverse defendant, that defendant is disregarded for purposes of jurisdiction so the action is removable from the outset.  *Curry v. State Farm Mut. Auto. Ins. Co.,* 599 F.Supp.2d 734, 739-40 (S.D. Miss. 2009):

> Given that Brown was fraudulently joined, as the court concludes *supra,* this case was initially removable and removal was therefore not improper due to the one-year time limit.

The Fifth Circuit approved and followed *Curry* in *Kemp,* a case with strong similarities to the facts here.  In *Kemp* the original Louisiana complaint named a Louisiana co-defendant, but the other defendant removed, alleging improper joinder.  440 Fed. Appx. at 242 & 248.  The district court then allowed plaintiffs to amend the complaint to add new jurisdiction-destroying co-defendant and thus remanded.  *Id.*  Three and a half years later, plaintiffs dropped their claims against the co-defendant whose joinder had compelled remand, and the diverse defendant again removed.  *Id.*  The Fifth Circuit held that the original Louisiana co-defendant had been

2

improperly joined, with the result that "the one-year removal period … is inapplicable because this case was removable on th[e] initial pleading," and there was no need to consider any equitable exception. *Id* at 247-48. *See also Johnson v. Heublien,* Inc., 227 F.3d 236,240-41 (5th Cir. 2000) (1-year removal limit did not apply because, under rule of improper joinder, the initial complaint had been removable.)

Here, as in *Kemp, Johnson,* and *Curry*, Plaintiffs' original filing was removable because the only non-diverse co-defendant was not properly joined. Indeed, LEAA removed the action on that basis and this Court denied Plaintiffs' motion to remand. *Watson v. LEAA*, 386 F. Supp.2d 874 (W.D. Tex. 2005). Thus, the 1-year limit invoked by Plaintiffs simply does not apply. Because that is the only basis for the Motion to remand, the Motion should be denied.

## II.   IN ANY EVENT, APPLYING THE 1-YEAR LIMIT WOULD BE INEQUITABLE.

If the 1-year limit did apply to this case – and it does not – it would be subject to an equitable exception under *Tedford* equities.

### A.   The 1-Year Limit Is Flexible And Subject To Equitable Balancing.

Plaintiffs' Motion acknowledges (at ¶ 1) that *Tedford*'s construction of the pre-amended version of 28 U.S.C. § 1446(c)(1) applies here.[1]  *Tedford* holds the time limit is "not inflexible" and is subject to "equitable exception" if "a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights." 327 F.3d at 428-29. The flexible *Tedford* rule balances the equities, asking both if the plaintiff sought to avoid federal jurisdiction and whether the defendant was

---

[1] In 2011 Congress amended Section 1446(c)(1) to add, for cases commenced after January 6, 2012, a statutory exception to the 1-year limit that is somewhat "similar" to the *Tedford* rule. *Carey v. Allstate Ins. Co.,* 2013 WL 5970487, *1 (W.D. La. 2013). Because this case was commenced long before 2012, it is controlled by *Tedford,* not the later amendment.

vigilant, seeking removal "each time it became apparent that the right to remove existed." 327 F.3d at 428; *Carey,* 2013 WL at *3 & *4 (defendant's "vigilance" is "important;"); *Vilaje Del Rio, Ltd. V. Colina Del Rio, LP,* 2008 WL 2229469, *2 (W.D. Tex. 2008) (Rodriguez, J.) (Under *Tedford,* "even assuming Plaintiff acted in good faith, tolling is still available.")  And Plaintiffs do not dispute that this flexible equitable standard employs a preponderance of the evidence standard.  *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1998).

Plaintiffs say that, as "master of [their] complaint," they are free to choose pleading options that avoid federal jurisdiction.  *Carpenter v. Wichita Falls Ind. Sch. Dist.,* 44 F.3d 362, 366 (5th Cir. 1995).  But that mastery has limits.  Their own authority says any chosen options must "properly" be available.  *Jones v. Nastech Pharm.,* 319 F.Supp.2d 720, 724 (S.D. Miss. 2004) (pleading choices must be "properly pleaded.")  Moreover, the Fifth Circuit "has spoken adamantly of preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute."  *De Aguilar,* 47 F.3d at 1411.

Every case presents different facts.  *Tedford* calls for this Court to balance the equities and determine whether the flexible 1-year limitation should be applied to bar federal jurisdiction.

### B. The Notice Of Removal Stands Undisputed.

Plaintiffs offer several justifications for their conduct.  LEAA shows below that those justifications do not withstand examination.  First, however, it is useful to summarize the undisputed facts that Plaintiffs need to explain:

1. Plaintiffs do not deny that, from the outset, they have been actively attempting to avoid federal jurisdiction.  For example, they suggest no other reason they explicitly negated any federal claim in their original Petition (at ¶ 26).  They say

their goal is not inherently improper. But they do not deny motives are relevant in evaluating conduct.

2. Plaintiffs also do not deny that their claims against LEAA fall squarely within this Court's diversity jurisdiction. 28 U.S.C. §1332. Plaintiffs and LEAA are of diverse citizenship and more than $75,000 is in controversy. Thus, to achieve their goal of avoiding removal, Plaintiffs had to name a non-diverse co-defendant.

3. In fact, Plaintiffs original Petition sued Texas resident Colyandro. But LEAA successfully removed the action and this Court denied remand, finding the joinder was improper because no basis for his liability was alleged. *Watson,* 386 F. Supp.2d 874.

4. Plaintiffs do not deny that while the action previously was in this Court they initiated a flurry of actions against Mr. Colyandro, filing a separate state court action against him and moving for leave to amend their federal complaint to re-join Mr. Colyandro as a jurisdiction-destroying co-defendant to LEAA. *See Watson v. LEAA,* 451 F.Supp.2d 870, 873 (W.D. Tex. 2006).

5. Nor do Plaintiffs deny that the order allowing them to amend to join Mr. Colyandro rested on their claim to be actively pursuing recovery from him. *Watson v. LEAA,* 451 F.Supp.2d 870, 873-74 (W.D. Tex. 2006), said:

    a. "Plaintiffs have consistently attempted to assert claims against Colyandro;"

    b. They "have continuously sought to assert claims against Colyandro;

    c. "Plaintiffs' continued efforts to pursue their claims against Colyandro is further evidenced by the state-court action they filed against him;" and

       d. "Plaintiffs would be significantly injured if they are not permitted to amend [and] will be prejudiced by being forced to litigate two separate suits, one in state court and one in federal court …to pursue their claims against all the parties…"

6. Plaintiffs also do not deny that, as soon as the case was remanded, their active pursuit of Mr. Colyandro evaporated. Plaintiffs' proffered justifications are addressed below, but their immediate and prolonged inactivity is not disputed.

7. Finally, Plaintiffs do not deny retaining Mr. Colyandro as a defendant until shortly before trial and then, on September 25, 2014, voluntarily dropping all claims, both in the remanded action and in the separate state action. Exh. D.

8. Indeed, as is discussed in more detail below, Plaintiffs concede they retained Mr. Colyandro as a defendant for years despite knowing any recovery was impractical.

So much is not disputed. We now turn to the justifications that Plaintiffs' Motion proffers for what occurred.

### C. Plaintiffs' Justifications Do Not Explain Their Conduct.

Plaintiffs' Motion offers several justifications for abandoning active pursuit of Mr. Colyandro as soon as the case was remanded. On examination, those justifications do not explain what Plaintiffs actually did. The better explanation is that Plaintiffs were not actually pursuing recovery from Mr. Colyandro but, instead, using him for other purposes.

Plaintiffs' Motion first asserts (at ¶¶ 4- 5) that, when some unnamed plaintiff in a separate unidentified civil suit tried to take Mr. Colyandro's deposition on unspecified topics, Mr. Colyandro's counsel objected based on a pending criminal matter that "involve[ed] alleged

violations of the same title of the Election Code for which Plaintiffs had sued him in this proceeding" (though no factual relationship to this case is asserted). Plaintiffs say (at ¶ 5) they therefore decided "to wait until the criminal matter had been resolved in order to avoid having Colyandro assert his Fifth Amendment privileges due to the pending criminal matter."

Although courts sometimes rely on representations by counsel, particularly when they concern easily verifiable objective facts, such vague and generalized assertions carry no weight. Nor, even if taken as true, do they justify Plaintiffs' total inactivity.

To begin with, a Fifth Amendment objection lies only where a particular answer is likely to incriminate. Thus, "blanket assertions of the privilege in civil cases are impermissible [and]. the privilege must be asserted on a question-by-question basis." *In re Ferguson,* 2013 WL 941802, *2 (Tex. App. 2013) (collecting authority).

Plaintiffs provide no reason to believe that deposing Mr. Colyandro about this case would raise significant Fifth Amendment problems. Depositions typically concern facts, not the titles of election codes, and Plaintiffs identify no factual questions they needed to ask that would have threatened to incriminate Mr. Colyandro in the criminal matter. In fact, he would have denied any culpable involvement with LEAA, as occurred when he finally was deposed.

Thus, Plaintiffs' pending charges / Fifth Amendment explanation for their total inactivity is facially untenable. The more probable reason they chose not to question Mr. Colyandro was to avoid compiling early proof they had no basis for suing him.

Plaintiffs also could have pursued discovery concerning Mr. Colyandro from LEAA. Plaintiffs make a general assertion (¶ 6) that LEAA resisted discovery. But that was in response to requests that sought to intrude broadly into LEAA's associational activities, predictably provoking similarly broad resistance. In any event, Plaintiffs do not explain why they waited

five years after remand, until June 1, 2011, to first move to compel discovery from LEAA. Nor do Plaintiffs assert, much less show, LEAA's discovery responses were the reason they just nonsuited Mr. Colyandro. Any such claim would be implausible since LEAA completed its discovery responses in April, 2014, but Plaintiffs retained Mr. Colyandro as a defendant for nearly half a year thereafter, releasing him on September 25 only after a trial date had been agreed. Exh. C; Exh. D.

Plaintiffs next make an offhand reference (P.7) to "the time Plaintiffs were able to obtain pertinent discovery from Colyandro." They do not identify that "time," but on March 28, 2011 Plaintiffs took a perfunctory 16 page deposition of Mr. Colyandro. *Watson, et al. v. Law Enforcement Alliance of America, Inc.*, No. D-1-GN-04-003206 (D. Travis County), Oral Deposition of John Colyandro, Mar. 28, 2011. <u>The date is significant because, on March 7, 2011, LEAA had filed a motion to dismiss the entire action due to Plaintiffs' failure to prosecute</u>. Exh. A. At that time, Plaintiffs needed to show some sort of activity to preserve their claims against LEAA so they exploited co-defendant Colyandro.

At the 2011 deposition, Mr. Colyandro answered every question, denying any material involvement with LEAA. Exh. B. Plaintiffs do not claim, much less show, that any of his answers would have incriminated him if given earlier. In any event, Plaintiffs obviously were not retaining Mr. Colyandro as a defendant to obtain this deposition because they waited a further 3 1/2 years after the deposition to nonsuit him.

Finally, and revealingly, Plaintiffs' Motion says (at ¶ 7) that Mr. Colyandro ultimately "pleaded guilty to unrelated violations of the Texas Election Code and his subsequent inability to pay for any judgment obtained <u>made any additional pursuit of the claim against him impractical</u>"

(emphasis added.)  Once again, Plaintiffs do not give the date, and again they had good reason not to do so.

Mr. Colyandro pleaded guilty to unrelated misdemeanors and was fined on November 6, 2012.  A Google search will show these events were widely reported and surely known to Plaintiffs and their counsel.  See, e.g. http://www.statesman.com/news/news/delay-co-defendant-pleads-guilty/nS268/.  Yet, although Plaintiffs admit recovery from Mr. Colyandro became impractical in November, 2012, they retained him as a defendant for almost two more years.  This plainly demonstrates that Plaintiffs wanted Mr. Colyandro in the case for purposes other than obtaining recovery from him.

In 2006 this Court gave Plaintiffs the benefit of the doubt.  They should not receive it again.  Balancing the equities under the flexible *Tedford* standard, the Court should deny the motion to remand and preserve the federal jurisdiction that plainly exists and that LEAA has done everything in its power to evoke.

### D.     The Equities Weigh Against Remand.

The equities here weigh against remand.  There is no dispute that LEAA is an out-of-state defendant facing a substantial claim.  Although the claim arises under state law, it directly burdens rights protected by the federal First Amendment.  Thus, this is exactly the type of case for which diversity jurisdiction was designed.  And LEAA has been vigilant in seeking a federal forum, filing timely removal petitions each time that became possible.  Plaintiffs do not contend that LEAA could or should have done anything more than it has done.

Plaintiffs, by contrast, clearly have sought to avoid federal jurisdiction.  In addition to expressly negating any federal claim, their original Petition sued a non-diverse co-defendant, even though it provided no proper basis for suing him.  They then created the impression that

claims against him were being actively pursued, but that pursuit vanished as soon as the case was sent back to state court.  Plaintiffs' proffered justifications do not really explain what they did and are more consistent with using Mr. Colyandro's presence for purposes other than actually recovering against him.  Indeed, Plaintiffs admit keeping him in the case for years after they knew recovery against him was impractical.

Plaintiffs would suffer no prejudice from the remand.  The discovery that was completed in state court will be fully useable here.  And, having allowed this case to linger for 12 years, Plaintiffs cannot plausibly assert any urgency.  Moreover, a remand now likely would lead to as much delay as would resolving this case in this court.

## CONCLUSION

The only stated ground for Plaintiffs' motion to remand, the 1-year time limit of Section 1446(c)(1) simply does not apply to this case.  And even if it did apply, it would be subject to equitable exception.  For both of these reasons, the Motion to remand should be denied.

A proposed order is attached.

    Respectfully submitted,

/s/Christian J. Ward
Christian J. Ward
Texas State Bar No. 24033434
cward@yettercoleman.com
YETTER COLEMAN LLP
909 Fannin, Suite 3600
Houston, Texas 77010
(713) 632-8000
(713) 632-8002 – Fax

Thomas W. Kirby
(admitted *pro hac vice*)
D.C. Bar No. 915231
tkirby@wileyrein.com

Caleb P. Burns
(admitted *pro hac vice*)
D.C. Bar No. 474923
cburns@wileyrein.com
Eric Wang
(admitted *pro hac vice*)
D.C. Bar No. 974038
ewang@wileyrein.com
WILEY REIN, LLP
1776 K Street N.W.
Washington, D.C. 20006
(202) 719-7000
(202) 719-7049 – Fax

ATTORNEYS FOR DEFENDANT
LAW ENFORCEMENT ALLIANCE OF
AMERICA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2014, I electronically filed the Opposition to Motion to Remand with the Clerk of the Court for the U.S. District, Western District of Texas, using CM/ECF, and electronically served this document on all counsel listed below, using the court's CM/ECF.

Doug W. Ray
dray@raywoodlaw.com
Randall B. Wood
rryan@raywoodlaw.com
RAY, WOOD & BONILLA, L.L.P.
2700 Bee Caves Road #200
Austin, Texas 78746
512-328-8877
512-328-1156 – Fax
*Counsel for Plaintiffs Kirk Watson and Mike Head*

Daniel W. Bishop, II
dbishop@bishoplondon.com
BISHOP LONDON BROPHY & DODDS, P.C.
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
512-479-5900
512-479-5934 – Fax
*Counsel for Plaintiff Kirk Watson*

                                                      /s/Christian J. Ward
                                                      Christian J. Ward